UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIN JUSTICE #696223,

    Plaintiff,

v.                                                        Hon. Paul L. Maloney

JONATHAN B.D. SIMON,                   Case No. 1:22-cv-358

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections, has sued his state-appointed appellate attorney, Jonathan B.D. Simon, alleging that he provided ineffective assistance in violation of Plaintiff's Sixth Amendment right to the effective assistance of counsel. Plaintiff invokes federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff also seeks a declaratory judgment pursuant to the Declaratory Judgment Act (DJA), 28 U.S.C. §§ 2201, *et seq.* The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, and pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **DISMISS** Plaintiff's complaint for failure to state a claim.

## I. Background

Defendant Simon was appointed to represent Plaintiff in his criminal appeal on August 10, 2017, and remained Plaintiff's counsel until February 23, 2019. Prior to the appointment, Plaintiff had filed his own appeal form but had not heard back from the Michigan Court of Appeals. Plaintiff informed Simon of the circumstances and asked Simon to file a motion for reissuance of the judgment pursuant to MCR 6.425 and 6.429 in order to reinstate Plaintiff's post-judgment rights. (ECF No. 1 at PageID.3.) Instead, Simon filed a motion for relief from judgment pursuant to MCR 6.500, which raised frivolous issues. The trial court denied the motion and the Michigan Court of Appeals denied leave to appeal.

On February 23, 2019—two days after the court of appeals issued its order—Simon sent Plaintiff a letter stating that his representation had concluded, and Plaintiff was on his own. Subsequently, Plaintiff filed his own motion for reissuance of the judgment. The trial court denied the motion on June 22, 2020. Plaintiff filed a timely appeal, and the Michigan Court of Appeals issued an order remanding the case to the trial court for an evidentiary hearing. (*Id.* at PageID.4.) Following the remand, Simon filed a motion in the trial court for restoration of appellate rights. Plaintiff immediately sent a letter to Simon asking him to withdraw as Plaintiff's attorney. Simon filed a motion to withdraw, but the trial court deferred ruling on the motion until after the evidentiary hearing.

On September 29, 2021, the trial court granted the motion for reissuance of the judgment and reinstated Plaintiff's post-conviction and appellate rights. However, it did not address or reinstate Plaintiff's right to file a second motion for relief from judgment. Simon was removed from the case, and the State Appellate Defender's Office substituted as Plaintiff's counsel. Plaintiff alleges that, if he does not prevail on direct appeal, he will not be permitted to file a motion for

relief from judgment under MCR 6.500 because Simon improperly squandered the only motion for relief from judgment that Plaintiff is allowed under the court rule. (*Id.*)

In his only count, Plaintiff alleges that Simon was ineffective in violation of Plaintiff's Sixth Amendment rights. Plaintiff seeks compensatory and punitive damages, as well as a declaration that Simon violated his Sixth Amendment rights by ignoring Plaintiff's request to file a motion for reissuance of the judgment and instead improvidently using Plaintiff's one allotted 6.500 motion. Plaintiff also seeks an injunction precluding the State of Michigan and/or trial court from barring Plaintiff from filing a Rule 6.500 motion. (*Id.* at PageID.5–6.)

## II. Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a

3

>   notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

### III. Discussion

Because Plaintiff does not mention 42 U.S.C. § 1983 in his complaint, it appears that he may intend to assert a direct cause of action under the Constitution. Congress has provided a remedy for constitutional violations by state and local officials and units of government through 42 U.S.C. § 1983. The Sixth Circuit has observed that "it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated [his] constitutional rights." *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). The *Thomas* court thus held that Section 1983 provided the exclusive remedy for constitutional claims brought against state and local officials and units of government. *Id.* at 499; *see also Foster v. Michigan*, 573 F. App'x 377, 391 (6th Cir. 2014) ("To the extent that Appellants attempt to assert direct constitutional claims, they fail; we have long held that § 1983 provides the exclusive remedy for constitutional violations." (citing *Thomas*, 818 F.2d at 503)); *Sanders v. Prentice-Hall Corp. Sys., Inc.*, No. 97-6138, 1999 WL 115517, at *1 n.2 (6th Cir. Feb. 8, 1999) ("This circuit has held that constitutional violations by state officials are not cognizable directly under the constitution (or by virtue of general federal question jurisdiction) because 42 U.S.C. § 1983 provides the exclusive remedy for such

4

constitutional violations."). Accordingly, I will analyze Plaintiff's Sixth Amendment claim as asserted pursuant to Section 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges a violation of his Sixth Amendment right to counsel. However, Plaintiff cannot establish the second requirement—that Simon was a state actor. "It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983." *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). Even if Simon was paid by the State, such representation does not transform the attorney into a state actor. *Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 611 (6th Cir. 2007) (quoting *Polk Cnty.*, 454 U.S. at 325) (stating that "public defenders do not 'act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding'"). Thus, while Plaintiff had a Sixth Amendment right to effective assistance of counsel during his criminal appeal, "[i]neffective assistance of counsel does not rise to the level of a cause of action under the Constitution because there is insufficient government involvement." *Barham v. Edwards*, 566 F. Supp. 1497, 1499 (M.D. Tenn. 1983). For this reason, Plaintiff's claim against Simon under Section 1983 should be dismissed.

5

At bottom, Plaintiff's claim is a garden variety legal malpractice claim under state law. While Plaintiff cites 28 U.S.C. § 1332 and alleges that the amount in controversy exceeds $75,000 exclusive of interest and costs, diversity jurisdiction is absent because Plaintiff alleges on the face of his complaint that both he and Simon are residents of Michigan. "Under § 1332(a)(1), the traditional grant of diversity jurisdiction, all plaintiffs must be citizens of States different from all defendants." *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 955 (6th Cir. 2017). Thus, this Court lacks diversity jurisdiction. Moreover, Plaintiff's invocation of the DJA provides no basis for jurisdiction, as the DJA does not provide an independent basis of jurisdiction; instead, a court can hear a declaratory judgment action only when it is founded upon an independent basis of jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950). For the reasons set forth above, Plaintiff fails to establish that this Court has jurisdiction to hear his claim.[1]

## IV. Conclusion

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A for failure to state a claim.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis

---

[1] Plaintiff's request for injunctive relief fails for a number of reasons, including but not limited to, the State of Michigan is not a party to this case and such relief would be barred by the Eleventh Amendment. *See Abick v. State of Mich.*, 803 F.2d 874, 877 (6th Cir. 1986).

for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Finally, if the Court adopts the foregoing recommendation to dismiss, the dismissal will be a dismissal as described by 28 U.S.C. § 1915(g).


Date:  April 22, 2022                                   /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).