UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIN JUSTICE #696223, ) | |
| Plaintiff, ) | |
| ) | No. 1:22-cv-358 |
| v. ) | |
| ) | Honorable Paul L. Maloney |
| JONATHAN B.D. SIMON, ) | |
| Defendant. ) | |
| ) | |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Sally Berens, United States Magistrate Judge, who issued a Report & Recommendation (R&R) on April 22, 2022 (ECF No. 5). Because Plaintiff, a pro se prisoner, was permitted to proceed as a pauper (ECF No. 4), Magistrate Judge Berens reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. The R&R recommends dismissal of Plaintiff's complaint for failure to state a claim. Plaintiff was given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), and he subsequently filed two objections (ECF No. 6). Because this Court agrees that Plaintiff's complaint fails to state a claim, the Court will dismiss this matter.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo

review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

This Court conducted a de novo review of Plaintiff's objections. On review of the record, the R&R is adopted over Plaintiff's objections. Neither of Plaintiff's objections raise an argument challenging any of the substantive findings in the R&R. Rather, the objections challenge the jurisdiction of this Court, as well as venue.

With respect to Plaintiff's assertion that this Court lacks jurisdiction, Plaintiff is correct— just as the R&R concluded. For diversity of citizenship jurisdiction, the complaint alleges that both Plaintiff and Defendant are residents of Michigan; therefore, this Court lacks diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1332. Moreover, the R&R concluded that this Court lacks federal question jurisdiction because the complaint's mere invocation of the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, does not provide an independent basis for jurisdiction (*see* ECF No. 5 at PageID.33). Rather, federal courts can hear declaratory judgment actions only when they are founded upon an independent basis of jurisdiction (*Id.*) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950)).

However, Plaintiff appears to conflate the terms "jurisdiction" and "venue." Plaintiff's first objection asserts that because the facts giving rise to the cause of action occurred in Detroit, Michigan, the Eastern District of Michigan has jurisdiction over this matter, not the

2

Western District of Michigan. He therefore requests that the Court "strike" the R&R (ECF No. 6 at PageID.36). Yet, neither this District nor the Eastern District have jurisdiction over this matter because Plaintiff has failed to establish federal jurisdiction. Accordingly, as the R&R recommends, the Court must dismiss this matter.

Plaintiff's second objection is essentially the same as the first, except that he argues that the Eastern District of Michigan is the proper venue. He then asks the Court to transfer this case to the Eastern District. However, even if the facts giving rise to the cause of action occurred in Detroit, and venue would thus be proper in the Eastern District, Plaintiff has failed to first establish federal jurisdiction. This objection is therefore overruled.

Given that there are no errors in the Magistrate Judge's analysis and Plaintiff has failed to state a claim upon which relief can be granted, the Court will adopt the R&R and dismiss this matter. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 5) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff has failed to state a claim up on which relief can be granted, and this matter is **TERMINATED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date:  May 18, 2022                                    /s/ Paul L. Maloney
                                                                           Paul L. Maloney
                                                                           United States District Judge